UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE D. DAVIDSON,

    Plaintiff,                                             Case No. 08-13761

v.                                                                   Honorable John Corbett O'Meara

STATE OF MICHIGAN, *ET AL.*,

    Defendants.
_____/

## ORDER GRANTING
## DEFENDANTS' JANUARY 14, 2009 AND JANUARY 22, 2009 MOTIONS TO DISMISS

This matter came before the court on the Oakland County defendants' January 14, 2009 motion to dismiss and the State of Michigan defendants' January 22, 2009 motion to dismiss. Plaintiff filed a combined response February 11, 2009; and the Oakland County defendants filed a reply brief February 17, 2009. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

### BACKGROUND FACTS

Plaintiff Tyrone D. Davidson filed a legal malpractice claim in the Circuit Court for the County of Oakland in 2002. Defendant Edward S. Sosnick, a circuit court judge, dismissed the action in 2003. After hearing oral argument, the Michigan Court of Appeals affirmed the dismissal in September 2004, finding that Plaintiff had failed to exhaust the grievance procedure available to him. Plaintiff's motion for reconsideration of the appellate court's ruling was denied, and the Michigan Supreme Court refused to accept an appeal.

In this lawsuit, Plaintiff has alleged claims against the State of Michigan; the Michigan Supreme Court, its former chief justice and its deputy clerk; the Michigan Court of Appeals, four

of its judges, and its chief clerk ("the State defendants"); and Oakland County Circuit Court and one of its judges ("the County defendants").

## LAW AND ANALYSIS

In his complaint, Plaintiff alleges that the State of Michigan, the Michigan Supreme Court, and the Michigan Court of Appeals violated his Fourteenth Amendment rights, presumably pursuant to 42 U.S.C. § 1983. However, the United States Supreme Court has held that a state is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, any § 1983 claims against those three entities are barred by the Eleventh Amendment and must be dismissed.

Plaintiff's claims against the judges are also barred by the Eleventh Amendment, which prohibits suits against a state and its departments and officials for legal and equitable relief. Papasan v. Allain, 478 U.S. 265, 276-77 (1986). Moreover, judges acting within the scope of their authority are cloaked with absolute immunity from suit. See Patmon v. Michigan Supreme Court, 224 F.3d 504, 510 (6th Cir. 2000). The same is true for judicial employees. See Bush v. Rauch, 38 F.3d 842, 847-48 (6th Cir. 1994). It is clear from Plaintiff's complaint that his allegations against the judges and court clerks are based on unfavorable court rulings, all of which were made within the scope of their authority. Therefore, those claims must be dismissed.

In addition, federal courts are barred from reviewing state court proceedings under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Although Plaintiff's complaint is framed as a civil claim against the courts and individual judges and clerks, the substance of Plaintiff's claims concerns the actions of the courts and judicial officers in hearing and denying his

appeals. The complaint is simply an attempt to have his state court judgments reviewed by a federal court; therefore, the suit is barred under th Rooker-Feldman doctrine.

Also, the claims against defendant Oakland County Circuit Court must be dismissed, as it is not recognized as a separate legal entity subject to suit. See Sumner v. Wayne County, 94 F. Supp. 2d 822, 827 (E.D. Mich. 2000).

Plaintiff's final claim is a race-based civil rights claim under Title VII, 42 U.S.C. §§ 2000e *et seq.* That section of the federal statute, however, addresses equal employment opportunities; and Plaintiff has failed to allege any discriminatory employment practices by Defendants. Therefore, Title VII does not apply to any of Plaintiff's claims.

## ORDER

It is hereby **ORDERED** that the Oakland County defendants' January 14, 2009 motion to dismiss is **GRANTED.**

It is further **ORDERED** that the State of Michigan defendants' January 22, 2009 motion to dismiss is **GRANTED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: March 24, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 24, 2009, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager